UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

DEUTSCHE BANK NATIONAL TRUST COMPANY,

    Plaintiff,

v.

MARIA SOCCORO VILLAREAL, *et al.*,

    Defendants.

Case No. 2:08-CV-01322-KJD-RJJ

**ORDER**

    Presently before the Court is Defendant's Motion for Hearing and Order to Stay Foreclosure (#2). Having read and considered Defendant's motion, the Court must deny Defendant's request because Defendant has failed to meet the burden required for injunctive relief. "Preliminary injunctive relief is available to a party who demonstrates either: (1) a combination of probable success on the merits and the possibility of irreparable harm; or (2) that serious questions are raised and the balance of hardships tips in its favor. These two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases." A&M Records v. Napster, Inc., 239 F.3d 1004, 1013 (9th Cir. 2001) (citations and quotations omitted). "If the balance of harm tips decidedly toward the plaintiff, then the plaintiff need not show as robust a likelihood of

success on the merits as when the balance tips less decidedly.  No chance of success at all, however, will not suffice."  <u>Benda v. Grand Lodge of the Int'l Ass'n of Machinists & Aerospace Workers</u>, 584 F.2d 308, 315 (9th Cir. 1978) (citations and quotations omitted).

      Here, other than Defendant's bare assertions that she has been harmed, she has not asserted any facts by affidavit or otherwise to establish that the balance of hardships tips in her favor or that she has any hope of succeeding on the merits of her claim.  Furthermore, even though the Court construes the pleadings of pro se parties liberally, Defendant has failed to respond to the orders of the Court.  Particularly, Defendant did not file a Statement Regarding Removed Action or a Joint Status Report regarding a removed action as ordered by the Court on October 3, 2008 and November 14, 2008.  Therefore, the Court orders Defendant to show cause in writing, no later than January 21, 2009, why the action should not be remanded to state court.  Failure to show good cause or to respond will result in this action being remanded.

      Accordingly, IT IS HEREBY ORDERED that Defendant's Motion for Hearing and Order to Stay Foreclosure (#2) is **DENIED**;

      IT IS FURTHER ORDERED that Defendant show cause in writing, no later than January 21, 2009, why her action should not be remanded to state court.

      DATED this 7TH day of January 2009.

_____
Kent J. Dawson
United States District Judge